IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS

RECEIVED

JAN 03 2023 SH

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

DANIELLE GAMBLE

VS

CHERRY FERRELL

23-cv-14
Judge Valderrama
Magistrate Judge Valdez
RANDOM

MOTION TO REMOVE CASE PURSUANT TO 28 U.S.C. Ss 1441 & 1446

NOW COMES, DANIELLE GAMBLE in her own proper persona sui juris and moves this honorable: MOTION TO REMOVE CASE PURSUANT TO 28 U. S.C. Ss 1441 & 1446

PROCEDURE POSTURE

1. The petitioner states she cause a motion to be filed on June 13, 2022
2. The petitioner filed a post trial motion attacking the unconstitutionality of the judgment pursuant ILCS 5/2-1401 et.seq
3. The petitioner states Cherry Ferrell hurt herself at work and was out on leave and all the work documents also her worker's compensation files will set forth that Ms. Cherry Ferrell lied to this court under oath.
4. The Petitioner states the court has a duty to investigate the fraud if brought to the court's attention.
5. The Defendant states if a judgment is entered due to fraud it must be set aside by the states the Attorney for Ms. Cherry Ferrell Attorney's Benjamin And SHAPIRO, LTD Misrepresentation the case to the court stating the defendant was the reason for Ms. Cherry Ferrell injuries.
6. The court states in the default order that the defendant had 28 days to vacate the judgment which was April 9, 2019.
7. The Attorney for defendant Cherry Ferrell Misrepresented his complaint and lied under.
8. The petitioner states " it would be a miscarriage of justice to enter a default judgment that based upon fraud upon the court".
9. The court hasn't answer the Motion for Relief From A judgment Pursuant to 735 ILCS 5/2-1401 et., seq

LEGAL ARGUMENT

Petitioner states : ( When removal is based on federal question. Plaintiff's allegations must establish Statutorily required " original jurisdiction founded on a claim or right arising under " federal law; potential defenses are ignored, as are defenses that rely on preclusive effects of federal statute. Mikulski Vs Centerior Energy Corp., C.A.6 ( OHIO ) 2007 , 501 F.3d 555 certiorari denied 128 S.Ct . 2426 , 553 U. S 1031 , 171 L.Ed .2d 229 Removal of cases 251 (1)

The petitioner states she has filed her original objection in the court challenging the judgment on the default .

Due to the original judge placing the order of default on the defendant and not sitting on the bench the courts informed the petitioner that the judge cleary refused to answer the motions leaving the petitioner without a remedy .

Tower Associates Vs First Nat . Bank of Chicago, S.D . Fla . 1977 , 439 F. Supp . 195 . Removal of case key 102 ; in order to determine whether the requirement to removal have been met , district court must determine whether the case is one which would have been with- in its jurisdiction initially

Where party alleging jurisdiction has failed to satisfy the minimum jurisdictional requirement for federal jurisdiction the court sua sponte , has the right and duty to raise the defect Van Horn Vs Western Elec . Co., E.D. Mich 1977 , 424 F. Supp . 920 Federal court 2074

Role of the federal court in considering propriety of removal is always to look to the essence or real nature of the claim asserted in the complaint to ascertain whether it involves a federal question, regardless of whether it is so characterized., Ashley Vs Southwestern Bell Tel co., W.D. Tex .1976 , 410 F. Supp . 1389 removal of case 25(1)

Petitioner states ; Hill Vs Citicorp , citi , bank N.A et .al , 804 F4. Supp. 514

States :( whether a case has proceeded too far at the state level is left to the sound discretion of the district judge ).

In this case the petitioner has no remedy at law which the state courts affords her because the state court is denying her rights under the Illinois constitution of 1970 ; Article 1 section 8 and United States constitution 14 th amendment.

The plaintiff caused three (3) motions to be filed with the clerk of the court .

1 . Motion to set aside judgment pursuant to 735 ILCS 5/ 2-1301

2. Judicial notice

3. Writ of Mandamus

The court has not afforded the petitioner the 1st amendment mandates of the right to petition the court for redress.

This is a civil rights violation and a violation of Lewis Vs CASEY ,518 U.S. 343 (1996) Bound Vs Smith 430 U.S 817 (1977)

The petitioner has a right to get the courthouse doors open as a pro se defendant .

The courts denying her these fundamental rights the constitution affords citizens .

Cook county state court have a pattern and practice of not being pro se friendly.

But this is no reason to deny the petitioner a forum to petition for redress.

The petitioner filed her motion months ago and haven't heard anything and their writ of mandamus is a petition which enforces an administrative order to hear the case .

The petitioner states Younger Vs Harris only applies when the defendant has a remedy at law.

The petitioner states the presiding judge refuses to answer the writ of Mandamus or address the motion to set aside the judge pursuant to the Illinois statute .

The petitioner raise a federal question
Does the petitioner have a right to a forum to redress herself?

RESPECTFULLY SUBMITTED

DANIELLE GAMBLE

1/3/23